# IN THE COURT OF APPEALS OF IOWA

No. 24-1423
Filed January 28, 2026

**Connie Sue Reinhardt,**
Plaintiff–Appellant,

v.

**Craig J. Boone and Brandie K. Wagner,**
Defendants–Appellees.

Appeal from the Iowa District Court for Clayton County,
The Honorable Richard D. Stochl, Judge.

**REVERSED AND REMANDED**

Zachary C. Herrmann, Elkader, attorney for appellant.

Alison Leuchtenmacher, Elkader, attorney for appellees.

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

Connie Reinhardt appeals a district court order finding she failed to prove her claim of adverse possession. She argues the district court erred in dismissing her petition and finding she failed to meet her burden to prove adverse possession. Upon our review, we reverse the district court's dismissal of her petition and remand to the district court to determine the legal description of the adversely possessed parcel.

## BACKGROUND FACTS AND PROCEEDINGS

Reinhardt had lived in her McGregor, Iowa home since 1990. Her neighbors, Craig Boone and Brandie Wagner (the defendants), purchased the home next door in 2023 from Marilyn Palas. Once they moved in, they approached Reinhardt for clarification of the boundary line between their properties. Reinhardt gave three different answers for where the boundary was located: (1) the property line went all the way to the edge of their home, (2) Reinhardt owned the driveway that separated the properties, and (3) the property was divided by a shed located on the Boone property.

Because the boundary line was unclear, the parties agreed to have a survey conducted to determine the location of the boundary line. The survey determined the boundary between the two properties runs slightly through Reinhardt's house and along the southern edge of her driveway.

After seeing the survey results, Reinhardt brought an action alleging title to the land based on adverse possession. The case proceeded to trial in May 2024. Subsequently, the district court entered a written ruling finding Reinhardt had failed to prove her claim.

## STANDARD OF REVIEW

We review adverse-possession claims de novo. *Louisa Cnty. Conservation Bd. v. Malone*, 778 N.W.2d 204, 206 (Iowa Ct. App. 2009). But we give weight to the district court's factual findings, especially when based on witness credibility—mindful of the district court's "front-row seat to the live testimony." *Hora v. Hora*, 5 N.W.3d 635, 645 (Iowa 2024).

## ADVERSE POSSESSION

Reinhardt argues the district court erred in finding she failed to prove her claim of adverse possession. To prevail on a claim of adverse possession, a party "must establish hostile, actual, open, exclusive and continuous possession, under a claim of right or color of title, for at least ten years." *Carpenter v. Ruperto*, 315 N.W.2d 782, 784 (Iowa 1982). "Because the law presumes possession under regular title, the doctrine is strictly construed." *Id*. And each element must be shown "by clear and positive proof." *Lawse v. Glaha*, 114 N.W.2d 900, 903 (Iowa 1962). Evidence may include "receiving the rents, issues, and profits of the property, or . . . conveying, devising, leasing, encumbering, or improving it." *I-80 Assocs., Inc. v. Chi., Rock Island & Pac. R.R.*, 224 N.W.2d 8, 11 (Iowa 1974).

Here, we agree with the district court that Reinhardt failed to prove her claim of adverse possession to the entire *disputed*[1] area claimed by Reinhardt. We find Reinhardt cannot establish she openly and exclusively

---

[1] The defendants concede that the survey and boundary adopted by the district court cuts through the corner of Reinhardt's house. In their brief, the defendants concede, "The boundary line should match the survey as close as possible except for where the building sits over the surveyed line. The Defendants are not expecting to own a portion of her building or expect her to demolish the corner. The building is the only section of property the Plaintiff has met her burden to establish adverse possession."

used the disputed area for at least ten years. There is evidence in the record that a prior neighbor of Reinhardt's had involved law enforcement in a dispute over the property line. Additionally, the defendants' water line runs through the disputed area and is marked above ground with a tire. And we agree with the district court that satellite photographs from 2014, 2018, and 2022 do not show any possession of the disputed property by Reinhardt. In response, Reinhardt points to photographs in the record showing use over a period of years but, upon our review of the disputed area, those photographs are not taken in the disputed area. Even if they had been, there is no evidence in the record that this possession was hostile or exclusive. *See Carpenter*, 315 N.W.2d at 784.

On this record, we find the evidence insufficient to establish Reinhardt's title to the disputed tract of land she claims through adverse possession. But, based on the concession of the defendants that Reinhardt has met her burden to prove adverse possession as to the part of the defendants' land currently occupied by the corner of Reinhardt's house, we reverse the dismissal of Reinhardt's cause of action and partially grant her petition for adverse possession. We partially grant her petition to give her ownership only as to that part of what would otherwise be the defendants' property based on the Moen survey that is currently occupied by the corner of Reinhardt's house, which we will refer to as the "adversely possessed parcel."

We remand to the district court to determine the legal description of the adversely possessed parcel. Upon issuance of procedendo, the parties shall have up to sixty days to reach an agreement as to the legal description of the adversely possessed parcel and exchange a deed conveying it from the defendants to Reinhardt. At any time during that sixty days, any party can

4

file a document with the court notifying the court that the party believes the parties are unable to reach an agreement and requesting a hearing. Upon the filing of such request, or upon the expiration of sixty days following issuance of procedendo with no request for hearing being made by any party, the district court shall set and conduct a hearing, with notice to all parties, to determine the legal description of the adversely possessed parcel. The court's ruling establishing such legal description shall declare Reinhardt to be the owner of the adversely possessed parcel, as ordered by this opinion.

## CONCLUSION

We reverse the district court's dismissal of Reinhardt's petition and partially grant the petition as described herein. We remand for further proceedings consistent with this opinion. Reinhardt shall be responsible for eighty percent of the costs of appeal and the defendants shall be jointly and severally liable for twenty percent of the costs of appeal.

**REVERSED AND REMANDED.**